UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELAYNE SEIDMAN,<br><br>         Plaintiff,<br><br> - against -<br><br>KORANGY PUBLISHING INC.<br><br>         Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Helayne Seidman ("Seidman" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant Korangy Publishing Inc., ("Korangy" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of five (5) copyrighted photographs owned and registered by Seidman, a New York City based photojournalist. Accordingly, Seidman seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Seidman is a professional photojournalist in the business of licensing her photographs to online, print, and television stations for a fee, having a usual place of business at 16 Saint Marks Place, Apt. 4B, New York, New York 10003. Seidman's photographs have appeared in many publications around the United States.

6. Upon information and belief, Korangy is a corporation duly organized and existing under the laws of the State of New York, with a place of business at 158 West 29 Street, New York, New York 10001. Upon information and belief, Korangy is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Korangy has owned and operated a website at the URL: www.therealdeal.com (the "Website").

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Photographs

7. On October 12, 2014, Seidman photographed Jennifer Merin in front of her Queens home. On October 26, 2014, Seidman photographed a Greenwich Village Church. On December 23, 2014, Seidman photographed a Central Park West apartment building and tenant Noelle Penraat. On August 24, 2014, Seidman photographed Dr. Abdul Awan and the 25 square foot property he rents in Greenwich Village (the "Photographs"). True and correct copies of the Photographs are attached hereto as Exhibit A.

8.      Seidman then licensed the Photographs to The New York Post. On October 12, 2014, The New York Post ran an article that featured the Photograph on its web edition entitled *The extraordinary 'theft' of a woman's NYC home*. See http://nypost.com/2014/10/12/woman-fights-to-take-back-house-stolen-in-deed-fraud-scam/.  On October 26, 2014, The New York Post ran an article that featured the Photograph on its web edition entitled *Pastor to evict senior center to rent space for film crews*. See http://nypost.com/2014/10/26/pastor-to-evict-senior-center-to-rent-space-for-film-crews/.  On December 23, 2014, The New York Post ran an article on its web edition entitled *Woman who makes $6K a month off Airbnb rental ordered to stop*. See http://nypost.com/2014/12/23/woman-who-made-61k-off-airbnb-rental-ordered-to-stop/.  On August 24, 2014, The New York Post ran an article that featured the Photograph on its web edition entitled *Inside the city's tiniest properties*. See http://nypost.com/2014/08/24/inside-the-citys-tiniest-properties/.  Seidman's name was featured in a gutter credit identifying her as the photographer of the Photographs. True and correct copies of the Photographs in the articles are attached hereto as Exhibit B.

9.      Seidman is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the) Photographs, including the copyright thereto.

10.     The Photographs have a pending US Copyright number of 1-3989361790. See Exhibit C.

**B.      Defendant's Infringing Activities**

11.     Upon information and belief, on or about October 12, 2014, Korangy ran an article on the Website entitled *Thief allegedly steals entire house in Queens*. See http://therealdeal.com/2014/10/12/thief-allegedly-steals-entire-house-in-queens/. The article prominently featured one Photograph.  On October 26, 2014, Korangy ran an article on the

Website entitled *Greenwich Village church pastor evicting senior center*. See http://therealdeal.com/2014/10/26/greenwich-village-church-pastor-evicting-senior-center/. The article prominently featured one Photograph. On December 27, 2014, Korangy ran an article on the Website entitled *Judge shuts down woman's lucrative CPW Airbnb*. See http://therealdeal.com/2014/12/27/judge-shuts-down-womans-lucrative-cpw-airbnb/. The article prominently featured two Photographs. On August 24, 2014, Korangy ran an article on the Website entitled *Inside the city's tiniest retail property*. See http://therealdeal.com/2014/08/24/inside-the-citys-tiniest-retail-property/. The article prominently featured one Photograph. True and correct copies of the articles are attached hereto as Exhibit D.

12. Korangy did not license the Photograph from Plaintiff for its article, nor did Korangy have Plaintiff's permission or consent to publish the Photograph on its Website

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST KORANGY)
### (17 U.S.C. §§ 106, 501)

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Korangy infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Korangy is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Korangy have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST KORANGY
## (17 U.S.C. § 1202)

19. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 above.

20. When the Photographs were published in an article in The New York Post, the article contained copyright management information under 17 U.S.C. § 1202(b).

21. Upon information and belief, in its article on the Website, Korangy intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of one of the Photographs.

22. The conduct of Korangy violates 17 U.S.C. § 1202(b).

23. Upon information and belief, Korangy's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Korangy intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Korangy also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

25. As a result of the wrongful conduct of Korangy as alleged herein, Plaintiff is entitled to recover from Korangy the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Korangy because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26. Alternatively, Plaintiff may elect to recover from Korangy statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Korangy be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Korangy be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
October 6, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Helayne Seidman*